[No. 13316. Department Two. — July 18, 1891.]

EMMA B. COHEN, RESPONDENT, *v.* CHARLES C. KNOX ET AL., APPELLANTS.

DEED — CONSIDERATION OF MARRIAGE — RIGHTS OF CREDITORS — CONVEYANCE BY INSOLVENT. — A conveyance of land by a father to his daughter, upon the express consideration of her marriage, and which was the direct and immediate inducement of the marriage, and was accepted by the grantee without any knowledge or suspicion on her part of any fraud, and was made by the grantor without any intent to defraud his creditors, in full belief of his financial ability to pay them, is valid as against such creditors, although the grantor was in fact insolvent at the time of the conveyance.

ID. — BONA FIDE PURCHASE — VALUABLE CONSIDERATION. — Marriage is the highest and most valuable of considerations; and when a conveyance is made upon such consideration, the grantee, if guiltless of fraud, is at least in as firm and secure a position as if she had paid in money the full value of the property conveyed.

ID. — RESTRAINING EXECUTION SALE — ANTENUPTIAL CONTRACT — UNTENABLE OBJECTION. — In an action brought by a daughter to whom her father had conveyed property in consideration of her marriage, to restrain an execution sale of the property by a judgment creditor of the father, an objection by the creditor, that the antenuptial contract was not in writing, is not tenable.

PLEADING — AIDER OF DEFECTIVE COMPLAINT — SUPPLYING OF AVERMENTS BY DEFENDANT — CROSS-COMPLAINT. — The omission of a material fact in a complaint is cured by its averment in a cross-complaint of the dedendant, and the admission of such averment in the answer to the cross-complaint; and the fact that there is a demurrer to the complaint does not take the case out of the rule of express aider.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William B. Sharp,* and *S. C. Denson,* for Appellants.

The deed in this case was simply an advancement out of the creditor's money, and was therefore illegal. (*Welles* v. *Cole,* 6 Gratt. 645.) In a case like this it is not required to prove the donor insolvent, as it was proven in this case. It is enough to prove that he was largely indebted, and that the effect of the transfer is to defraud creditors. (*Parish* v. *Murphree,* 13 How. 92; *Parkman* v. *Welch,* 36 Mass. 231; *Shwartz* v. *Hazlett,* 8 Cal. 118.) Although marriage may be a good and valuable consideration, this deed cannot be sustained in view of the evidence in this case, because it was unreasonable. In this case it was grossly extravagant. It was a fraud in Bray to make it, and in the daughter to retain it. Not only must the consideration be valuable, but the grantee must take without notice of the fraud, in order that the transfer may be valid. (*Croft* v. *Arthur,* 3 Desaus. Eq. 231; *Reade* v. *Livingstone,* 3 Johns. Ch. 481; 8 Am. Dec. 520; *Shaw* v. *Jakeman,* 4 East, 206; *Prewitt* v. *Wilson,* 8 Woods, 651; *Magniac* v. *Thomson,* 7 Pet. 396.) The reasonableness of such an act can as well be inquired into by the court as the adequacy of price in a case involving a pecuniary consideration. (*Simpson* v. *Graves,* 1 Riley Eq. 232.) The parol antenuptial contract attempted to be proven in this case was invalid because it was not in writing. (Civ. Code, secs. 178, 179, 1624, subd. 3.) Unless there was a valid antenuptial contract to transfer the property in consideration of marriage, there was no valuable consideration for the transfer. (*Deshon* v. *Wood,* 148 Mass. 132, and cases cited.) Bray being hopelessly insolvent at the date of the deed and when the house was being built, the law imputes to him a fraudulent intent in making a gift of property worth twenty thousand dollars to his daughter. (*Shwartz* v. *Hazlett,* 8 Cal. 128; *Judson* v. *Lyford,* 84 Cal. 505.)

*Scrivner & Boone*, and *Garber, Boalt & Bishop*, for Respondent.

The question for the court is, not whether the complaint states sufficient facts, but whether the findings and judgment are according to and supported by the issues joined. Even if the complaint fails to state facts sufficient to constitute a cause of action, such failure is cured if the admitted facts are stated in the answer or other pleadings. (*Schenck* v. *Hartford Fire Insurance Company*, 71 Cal. 29; Pomeroy's Remedies and Remedial Rights, sec. 579; *Dayton Ins. Co.* v. *Kelly*, 24 Ohio St. 357; *Louisville* v. *Murphy*, 9 Bush, 529; *Henry* v. *Sneed*, 99 Mo. 424; *Garth* v. *Caldwell*, 72 Mo. 629; *Wall* v. *Tormey*, 52 Conn. 37, 38; *State* v. *Bank*, 35 La. Ann. 564; *Turner* v. *Corbett*, 9 Or. 79; *Webb* v. *Davis*, 37 Ark. 554; *Warner* v. *Lockerby*, 28 Minn. 28; *Esty* v. *Currier*, 98 Mass. 502; *United States* v. *Morris*, 10 Wheat. 285; *Riggs* v. *Maltby*, 2 Met. (Ky.) 90; *Miller* v. *White*, 4 Hun, 63; *Graveley* v. *Graveley*, 84 Va. 145; *Salamone* v. *Keiley*, 80 Va. 86; 3 Gould's Chancery Pleading, sec. 192; *Zerger* v. *Saiber*, 6 Binn. 27; *Friedly* v. *Scheetz*, 19 Serg. & R. 164; *Brewis* v. *Lawson*, 76 Va. 42; *Bailey* v. *Bailey*, 8 Humph. 230; *Rose* v. *Mynatt*, 7 Yerg. 36; *Pindall* v. *Trover*, 30 Ark. 260; *Sale* v. *McLean*, 29 Ark. 621, 622; *Cockrell* v. *Warner*, 14 Ark. 356; *R. R. Co.* v. *Chamberlain*, 6 Wall. 748; *Gent* v. *Cole*, 38 Md. 114; *La Grange* v. *Rainey*, 7 Cald. 450; *Hawthorne* v. *Smith*, 3 Nev. 170; 93 Am. Dec. 397; *Wallace* v. *Curtiss*, 36 Ill. 158; *Hill* v. *George*, 5 Tex. 87; *Grimes* v. *Hagood*, 19 Tex. 249; *Ramsey* v. *Hurley*, 72 Tex. 201; *McGregor* v. *McGregor*, 21 Iowa, 442.) A conveyance executed for a valuable and adequate consideration will be upheld against the creditors of the grantor, however fraudulent his purpose may have been, if the grantee had no knowledge thereof. (*Prewit* v. *Wilson*, 103 U. S 22; *Wood* v. *Jackson*, 8 Wend. 9; 22 Am. Dec. 603; *Herring* v. *Wickham*, 29 Gratt. 633; 26 Am. Rep. 405; *Sterry* v. *Arden*, 1 Johns. Ch. 271; 12 Johns. 236; *Otis* v. *Spen-*

*cer,* 102 Ill. 622; 40 Am. Rep. 617; *Dugan* v. *Gittings,* 3
Gill, 138; 43 Am. Dec. 306.)　An antenuptial settlement,
though made by the intended husband with the design
of defrauding his creditors, will not be set aside in the
absence of the clearest proof of the wife's participation
in the fraud.　(Wait on Fraudulent Conveyances, sec.
212; *Prewit* v. *Wilson,* 103 U. S. 22; *Curtis* v. *Valiton,* 3
Mont. 187; *Mehlhop* v. *Pettibone,* 54 Wis. 652; *Hall* v.
*Arnold,* 15 Barb. 600; *Wilson* v. *Prewett,* 3 Woods,
635; *Hopkins* v. *Langton,* 30 Wis. 379; *Steele* v. *Ward,* 25
Iowa, 535; *Miller* v. *Bryan,* 3 Iowa, 58; *Chase* v. *Walters,*
28 Iowa, 460; *Kittredge* v. *Sumner,* 11 Pick. 50; *McCormick*
v. *Hyatt,* 33 Ind. 546; *Cooke* v. *Cooke,* 43 Md. 522, 525;
*Fifield* v. *Gaston,* 12 Iowa, 218; *Preston* v. *Turner,* 36 Iowa,
671; *Drummond* v. *Couse,* 39 Iowa, 442; *Kellogg* v. *Aherin,*
48 Iowa, 299; *Rea* v. *Missouri,* 17 Wall. 543; *Leach* v.
*Francis,* 41 Vt. 670; *Partelo* v. *Harris,* 26 Conn. 480; *Ewing*
v. *Runkle,* 20 Ill. 448; *Violett* v. *Violett,* 2 Dana, 323; *Foster*
v. *Hall,* 12 Pick. 89; 22 Am. Dec. 400; *Byrne* v. *Becker,* 42
Mo. 264; *Bancroft* v. *Blizzard,* 13 Ohio, 30; *Splawn* v. *Martin,* 17 Ark. 146; *Ruhl* v. *Phillips,* 48 N. Y. 125; 8 Am.
Rep. 522; *Jeager* v. *Kelley,* 52 N. Y. 274; *Clements* v. *Moore,*
6 Wall. 312; *Astor* v. *Wells,* 4 Wheat. 466; *Howe Machine
Co.* v. *Claybourn,* 6 Fed. Rep. 441; Bump on Fraudulent
Conveyances, 290.)　Marriage, in contemplation of the
law, is not only a valuable consideration to support such
a settlement, but is a consideration of the highest value,
and from motives of the soundest policy is upheld with a
steady resolution.　(7 Pet. 348, 393, approved and adopted
in *Prewit* v. *Wilson,* 103 U. S. 22, 24; *Frank's Appeal,* 59
Pa. St. 194; *Wright* v. *Wright,* 59 Barb. 505; affirmed,
54 N. Y. 437.)　The courts are averse to annulling such a
settlement, because there can follow no dissolution of the
marriage which was the consideration for it.　(*Prewit* v.
*Wilson,* 103 U. S. 22; *Nairn* v. *Prowse,* 6 Ves. 752; *Campion*
v. *Cotton,* 17 Ves. 264; *Sterry* v. *Arden,* 1 Johns. Ch. 261;
*Herring* v. *Wickham,* 29 Gratt. 628; 26 Am. Rep. 405; *An-*

*drews* v. *Jones,* 10 Ala. 400.) The contract, having been alleged to have been completely executed, is not assailable by the parties thereto or third parties on the ground that it is not in writing as prescribed by the statute. (*Hussey* v. *Castle,* 41 Cal. 239; *Ryan* v. *Tomlinson,* 39 Cal. 639, 645; *Hoffman* v. *Fett,* 39 Cal. 109; Wait on Fraudulent Conveyances, 577; Browne on Statute of Frauds, 130; *Dugan* v. *Gittings,* 3 Gill, 138; 43 Am. Dec. 312.) Where a contract which might have been avoided under the statute has been fully executed, the provisions of the statute do not apply. (Wait on Fraudulent Conveyances, 577; *McCue* v. *Smith,* 19 Minn. 252; 86 Am. Dec. 100; *Pawle* v. *Gunn,* 4 Bing. N. C. 445; *Price* v. *Leyburn,* Gow, 109; *Randall* v. *Turner,* 14 Ohio St. 362; *Brown* v. *Bellows,* 4 Pick. 179; *Fitzsimmons* v. *Allen,* 39 Ill. 440.) Where the contract has been in fact completely executed on both sides, the rights, duties, and obligations of the parties resulting from such performances stand unaffected by the statute. (Browne on Statute of Frauds, 130; *Stone* v. *Dennison,* 13 Pick. 1; 23 Am. Dec. 654; *Mushat* v. *Brevard,* 4 Dev. 73; *Ryan* v. *Tomlinson,* 39 Cal. 639, 645; *Dugan* v. *Gittings,* 3 Gill, 138; 43 Am. Dec. 312; *Hoffman* v. *Fett,* 39 Cal. 109; *Manly* v *Howlett,* 55 Cal. 94; *Hussey* v. *Castle,* 41 Cal. 240; Bishop on Married Women, sec. 807.) Conveyances made by parents to their children, in consideration of marriage, have been upheld in the following cases: *Wood* v. *Jackson,* 8 Wend. 9; 22 Am. Dec. 603; *Sterry* v. *Arden,* 1 Johns. Ch. 271; *Houston* v. *Cantrill,* 11 Leigh, 136, 155; *Verplank* v. *Sterry,* 12 Johns. 536; 7 Am. Dec. 348; *Bentley* v. *Harris,* 2 Gratt. 357; *Eppes* v. *Randolph,* 2 Call, 125; *Welles* v. *Cole,* 6 Gratt. 645; *Dugan* v. *Gittings,* 3 Gill, 138; 43 Am. Dec. 306. A voluntary deed may become good by matter *ex post facto,* as by marriage, etc. (*Sterry* v. *Arden,* 1 Johns. Ch. 261, 271; 4 Kent's Com., 11th ed., 463; *Smith* v. *Allen,* 5 Allen, 456; 81 Am. Dec. 758; *Huston* v. *Cantrill,* 11 Leigh, 136; *Oriental Bank* v. *Haskins,* 3 Met. 332; 37 Am. Dec. 140; *Wood* v. *Jackson,* 8 Wend. 10, 33; 22 Am. Dec. 603; *Holcombe* v.

*Ray*, 11 Redf. 340, 344; *Brown* v. *Carter*, 5 Ves., Sumner's ed., 879, and note 2 of Mr. Hovenden; *Verplank* v. *Sterry*, 12 Johns. 536; 7 Am. Dec. 348; *Doe* v. *Howland*, 8 Cow. 277; 18 Am. Dec. 445; *Whelan* v. *Whelan*, 3 Cow. 537; *Glidden* v. *Hunt*, 24 Pick. 225; *Jackson* v. *Henry*, 10 Johns. 185, 197; 6 Am. Dec. 328; *Argenbright* v. *Campbell*, 3 Hen. & M. 144; *Magniac* v. *Thomson*, 7 Pet. 396; *Hopkick* v. *Randolph*, 2 Brock. 133, 147, 148; *Thomas* v. *Goodwin*, 12 Mass. 140; *Hutchins* v. *Sprague*, 4 N. H. 469; 17 Am. Dec. 439; *Astor* v. *Wells*, 4 Wheat. 466, 487, 488; *Harvey* v. *Varney*, 98 Mass. 120; *Drinkwater* v. *Drinkwater*, 4 Mass. 354; *Crowninshield* v. *Kittridge*, 7 Met. 520; *Smyth* v. *Carlisle*, 17 N. H. 417; *Lemay* v. *Bibeau*, 2 Minn. 291; *Alexander* v. *Todd*, 1 Bond, 275.)

McFARLAND, J. — In the year 1883 there was a treaty or agreement of marriage pending between the plaintiff, then a young unmarried woman, and Alfred H. Cohen. Cohen was then a young lawyer just beginning the practice of his profession, and having no income or means sufficient to procure a home and support a family; and they were both unwilling to get married until they had a home.    These facts coming to the knowledge of Watson A. Bray, the father of plaintiff, he concluded, in order to encourage the consummation of said marriage, to convey to plaintiff a lot of land and build a house thereon as a home for the young couple, provided the father of said Cohen would furnish it.    After some conferences between the said Bray and the father of said Cohen, the proposition was accepted by the latter; whereupon Bray, on July 12, 1883, conveyed a lot of land, being the premises described in the complaint herein, to the plaintiff, then Emma Bray, and proceeded immediately to build a house thereon, which was completed in the early part of 1884.    This was done with the knowledge of Cohen, and he was consulted about it.    The house was furnished by said Cohen's father.    In February, 1884, plaintiff and

Alfred H. Cohen were married, and moved into the house, where they have lived every since. It is found by the court, and clearly established by the evidence, that the said conveyance of said lot to plaintiff, and the construction of said house thereon, were the consideration wh ch induced said marriage, without which it would not then, if ever, have been consummated. The value of the lot and the cost of the house amounted at the time to about sixteen thousand dollars, and the present value of the property is eighteen thousand dollars.

At the time of the conveyance of said lot to plaintiff and the building of said house, the said Bray was the owner of several hundred thousand dollars' worth of property, and supposed himself to be worth a quarter of a million of dollars. The conveyance was not made with any design on his part to hinder or defraud creditors (whether that fact be material or not); and it is entirely clear that plaintiff and her husband believed him to be a man of large means, and fully able to make the said provision for her marriage, and that she accepted the same without any intent of hindering or defrauding his creditors. It turned out afterwards, however, that said Bray was in fact insolvent at the time said conveyance was made to plaintiff.

On said July 12, 1883, the date of said conveyance to plaintiff, said Bray was indebted to the defendant Charles C. Knox in an amount exceeding $60,000; and on August 12, 1885, said Knox recovered judgment against said Bray for $79,218. On April 26, 1887, Knox caused an execution to be issued on said judgment, and delivered the same to the sheriff, with instruction to levy it upon said lot conveyed by said Bray to plaintiff, as aforesaid, as the property of said Bray. The sheriff made said levy, and was about to sell said lot, when the plaintiff brought this present action to restrain such sale, upon the ground that it would cast a cloud upon her title. The court gave judgment for plaintiff according to her

prayer; and from said judgment, and from an order denying a new trial, the defendant Knox appeals.

The main question presented is, whether the said conveyance from Bray to his daughter, under the circumstances above stated, was void as against the creditors of Bray. This question has been very ably and elaborately discussed by counsel, and a multitude of authorities have been cited. We will not undertake here to review these authorities, but will merely state the conclusions to which they clearly lead.

Where one party conveys land to another for a valuable and adequate consideration, the conveyance will be good against the creditors of the grantor, although the latter intended thereby to defraud his creditors, if the grantee had no knowledge of such intent, and was in no way a participant in the fraudulent purpose. Marriage is the highest and most valuable of considerations; and when a conveyance is made upon such consideration, the grantee, if guiltless of fraud herself, is in at least as firm and sure a position as if she had paid in money the full value of the property conveyed. It has even been held that a voluntary conveyance to a daughter, intended as a settlement, and without present reference to her marriage, will become *ex post facto* valid against creditors and purchasers with only implied notice, if upon the credit of the conveyance a person has been induced to marry her. Marriage being in its nature permanent, and being the most important of all civil relations, the law will not lightly allow the inducements which have led to it to be disturbed. And the dowry of a bride, without special proof, is presumed to be an inducement to her marriage. The law does not require a delicate investigation into the *quantum* of influence which her property has had with her suitor.

A few of the many authorities which establish the principles above stated are the following: Bump on Fraudulent Conveyances, 305, 306, and cases cited; Wait

on Fraudulent Conveyances, sec. 212, and cases cited; *Magniac* v. *Thomson*, 7 Pet. 348; *Prewit* v. *Wilson*, 103 U. S. 22; *Wood* v. *Jackson*, 8 Wend. 9; 22 Am. Dec. 603; *Herring* v. *Wickham*, 29 Gratt. 633; 26 Am. Rep. 405; *Houston* v. *Cantrill*, 11 Leigh, 136, 155; *Sterry* v. *Arden*, 1 Johns. Ch. 260, 271; *Brown* v. *Carter*, 5 Ves. 877, 888; *Otis* v. *Spencer*, 102 Ill. 622; 40 Am. Rep. 617; *Dugan* v. *Gittings*, 3 Gill, 138; 43 Am. Dec. 306.

The case at bar presents a clear field for the application of these principles. It has none of those peculiarities, or complications of facts, which often make it difficult to determine what rule of law applies. It is a plain case of a conveyance upon the express consideration of marriage, which was the direct and immediate inducement of the marriage, and made, not only without any knowledge of fraud by the grantee, but without any intent to defraud on the part of the grantor. The court was therefore right in upholding the said conveyance against appellant claiming as a creditor of Bray.

2. Appellant contends that the judgment should be reversed, because the complaint does not state facts sufficient to constitute a cause of action, and because his demurrer on that ground was erroneously overruled. The point is, as we understand it, that facts constituting a cloud on plaintiff's title are not stated, because it does not appear that plaintiff derived her title from Bray, against whom the execution runs.

The complaint shows, among other things, in brief, that since July 12, 1883, plaintiff has been the owner and in possession of a certain described lot of land; that said land is "a portion of W. A. Bray's Oak Tree Farm tract as surveyed for W. A. Bray by James T. Stratton, April, 1869, as per map," etc., "all of which was, and is, well known to the defendants herein"; that defendant Knox recovered judgment against Bray, caused an execution to be issued, and levied on said land as the property of Bray, and is about to have the same sold, as in

this opinion heretofore stated; and that said sale will cast a cloud upon plaintiff's title, and greatly damage and impair the value thereof.

It is not necessary to definitely determine whether this complaint is so totally defective in its statement of a cause of action as to be bad on general demurrer, or whether it merely presents a case of defective averments assailable only on special demurrer; because defendant, in addition to his answer, in which the averments of the complaint are denied, filed a cross-complaint in which he asked for affirmative relief, and in which he averred specifically the very facts which he contends should have been averred in the complaint of plaintiff. In his cross-complaint he avers that on said July 12, 1883, and for a long time prior thereto, the said Bray was the owner in fee and in possession of said land; that on said day he conveyed the same by deed to plaintiff, who is his daughter; that the deed was voluntary, and without consideration; that plaintiff holds under said deed, and not otherwise; and that the deed was made to hinder and defraud creditors, and particularly defendant. He prays that the deed be declared fraudulent and void, and that he be allowed to proceed with the execution. To this cross-complaint plaintiff filed an answer, in which she admitted said deed from Bray, and that she held under it, but denied that it was voluntary, or without consideration, or fraudulent, and averred the consideration of marriage, and the facts concerning said marriage as heretofore stated. Upon these pleadings the case went to trial; and it would be a vain thing to reverse the judgment, and allow plaintiff to amend her complaint by averring facts already averred in the cross-complaint, and to again, in that form, present issues which have already been raised and determined. The appellant made no objection to the introduction, by plaintiff, of the said deed to her from Bray; and the issue of the validity of said deed, raised by the cross-complaint and answer to it,

was the one issue tried. And therefore, if it be conceded that the complaint failed to state sufficient facts, such failure was cured by the statement of the omitted facts in the other pleadings, which ₊present a case of "express aider." And the fact that there was a demurrer does not take it out of the rule. There was a demurrer in *Schenck* v. *Hartford Ins. Co.*, 71 Cal. 28; but the court held there that the omission of a material fact in the complaint was cured by its averment in the answer. That case, in principle, cannot be distinguished from the case at bar. (See also Pomeroy's Remedies and Remedial Rights, sec. 579.) Many cases to the same point are cited by counsel for respondent.

3. We see nothing in the point that an antenuptial contract must be in writing. No question arises here as to the enforcement of a verbal contract which ought to have been in writing.

There are no other points necessary to be specially noticed.

The judgment and order denying a new trial are affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.