[No. 15598. Department One.—November 2, 1894.]

## FARWELL AND HUTCHINSON, RESPONDENTS, *v.* ROBERT M. MURRAY, APPELLANT.

ASSUMPSIT—WORK AND LABOR DONE—GOODS SOLD AND DELIVERED—PLEADING—CERTAINTY.—A complaint in action of *assumpsit* to recover a specified sum on account of work done and labor performed, and on account of goods, wares, and merchandise sold and delivered, is not subject to a demurrer for uncertainty upon the ground that the complaint does not state how much of the sum sued for was due for work and labor, and how much for goods, wares, and merchandise.

ID.—ITEMS OF ACCOUNT—BILL OF PARTICULARS—A complaint in *assumpsit* which states a cause of action need not set forth the items of the account; but, if the defendant desires more particular information as to the items, he may demand a bill of particulars.

ID.—JURY TRIAL—CONTINUANCE OF TRIAL—WAIVER.—The defendant in an action of *assumpsit* is entitled to a trial by jury, unless a jury is waived in the manner provided by section 631 of the Code of Civil

Procedure; and there is no waiver of a jury trial by the defendant, by reason of postponement of the trial, at his request, prior to the commencement of the trial, and he is entitled to a jury trial, if demanded before the trial commences, provided he had not before that time waived it by written consent filed with the clerk, or by oral consent entered in the minutes.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*Welles Whittemore*, for Appellant.

The court erred in denying defendant's application for a jury trial. (Code Civ. Proc., sec. 631; Const., art. I, sec. 7; Proffatt on Jury Trials, secs. 110–12; *Sweeney* v. *Stanford*, 60 Cal. 362.) The demurrer should have been sustained on the ground of uncertainty, as it is impossible to tell from the complaint what is claimed to be due for goods sold, and how much for labor performed.

*Dodge & Fry*, for Respondents.

The demurrer to the complaint was properly overruled, as defendant had his remedy by demand for a bill of particulars which he never made. The complaint is in the ordinary form of *indebitatus assumpsit* and is sufficient. (*Freeborn* v. *Glazer*, 10 Cal. 337; *Abadie* v. *Carrillo*, 32 Cal. 172; *Clay* v. *Carroll*, 67 Cal. 19; *Burns* v. *Cushing*, 96 Cal. 669; *Rogers* v. *Duff*, 97 Cal. 67; Code Civ. Proc., sec. 454.) It is unnecessary to allege the value of labor or merchandise in this form of action. (*Abadie* v. *Carrillo*, 32 Cal. 172; *Allen* v. *Patterson*, 7 N. Y. 476; 57 Am. Dec. 542; *Wilkins* v. *Stidger*, 22 Cal. 235; 83 Am. Dec. 64.) Defendant, by requesting a continuance of the trial, which was granted, waived a jury. (*Bonewitz* v. *Bonewitz*, 50 Ohio St. 373; 40 Am. St. Rep. 671; *Sheets* v. *Bray*, 125 Ind. 33; Proffatt on Jury Trials, sec. 112.)

BELCHER, C.—The plaintiffs brought this action to recover the sum of five hundred and fifty-six dollars and forty-two cents for and on account of work done and labor performed by plaintiffs for defendant, and for and on account of goods, wares, and merchandise sold and delivered by plaintiffs to defendant.

The defendant demurred to the complaint upon the grounds that it did not state facts sufficient to constitute a cause of action, and that it was uncertain and unintelligible, for the reason that it could not be determined therefrom how much of the sum alleged to be due was for work and labor, and how much for goods, wares, and merchandise.

The demurrer was overruled, and the defendant then answered denying the allegations of the complaint.

The case was tried by the court without a jury, and the judgment entered was in favor of the plaintiffs for the sum of four hundred and ninety dollars and fifty-seven cents, from which and from an order denying his motion for a new trial the defendant appeals.

There was no prejudicial error in the order overruling the demurrer. The complaint stated a cause of action, and it was not necessary to set forth the items of the account. If the defendant desired more particular information as to the items, he might have demanded a bill of particulars. (Code Civ. Proc., sec. 454.)

It appears from the bill of exceptions that the case came on regularly to be heard at 10 o'clock A. M., on August 22, 1893, at which time the attorneys for plaintiffs and the defendant appeared, but the attorney for defendant was not present. It was stated to the court that defendant's attorney was engaged in the trial of another case in the superior court of the city and county of San Francisco, and for that reason could not then be present to try this case. At the request of the defendant the trial of the case was thereupon continued until 2 o'clock P. M., of the same day, at which time the plaintiffs and their attorneys appeared and announced

that they were ready to proceed with the trial; and the defendant appeared with a new attorney, who was by an order of the court authorized to be and appear as the attorney for the defendant in said action. "Thereupon the defendant demanded a trial by jury, which demand the court refused, and denied the right of the defendant to a jury trial."

The defendant duly excepted to this ruling of the court, and now assigns it as error. The constitution, in article I, section 7, provides: "The right of trial by jury shall be secured to all, and remain inviolate. . . . . A trial by jury may be waived . . . . in civil actions by the consent of the parties, signified in such manner as may be prescribed by law."

And section 631 of the Code of Civil Procedure provides that a trial by jury may be waived in manner following: "1. By failing to appear at the trial, 2. By written consent, in person or by attorney, filed with the clerk; 3. By oral consent in open court, entered in the minutes."

It is claimed for respondent that the trial of the case was actually commenced in the morning, when it " came on regularly to be heard," and that appellant waived his right to a trial by jury by not demanding it at that time. We fail to see any valid ground on which this claim can be sustained. The trial of the case was not commenced in the morning, but was continued until the afternoon, when appellant promptly demanded a trial by jury. He was certainly entitled to such a trial, unless he had waived his right in one of the ways prescribed by the law.

We see nothing in the record showing such waiver, and therefore conclude that the court erred in its ruling. (See *Biggs* v. *Lloyd*, 70 Cal. 447.)

The other matters discussed by counsel need not be considered. The judgment and order appealed from should be reversed, and the cause remanded for a new trial.

SEARLS, C., and TEMPLE C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for a new trial.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.