110   169
118   420
110   169
127   654
110   169
133    61

110   169
137   260

110   169
140   321
110   169
145   496

110   169
149   300

[No. 19410.   In Bank.—November 25, 1895.]

# HENRY DAGGETT, RESPONDENT, v. WILL GRAY ET AL., APPELLANTS.

CONVERSION OF GOODS—PLEADING—DEMAND AND REFUSAL.—A complaint alleging that the plaintiff was the owner and lawfully entitled to the immediate possession of a stock of goods at a date specified, upon which date defendants, then being in possession of said goods, unlawfully converted and disposed of the same to their own use, whereby plaintiff sustained damages in a specified sum, sufficiently states a cause of action as against a general demurrer, and is not defective by reason of a failure to allege that the plaintiff had made a demand upon defendants for the property, and that there was a refusal on their part to comply with such demand.

ID.—EVIDENCE OF CONVERSION.—A demand and refusal do not of themselves constitute conversion, but are only evidence from which conversion in certain cases may be found; and a conversion may be established by proof of other acts on the part of a defendant concerning the property, and if the relation of the defendant to the property is such that a previous demand is essential in order to establish conversion, such demand must be proved at the trial, but need not be alleged.

ID.—GENERAL ALLEGATION OF CONVERSION.—Where conversion is alleged as a fact in general terms, it is sufficient to admit of any evidence on the trial that tends to establish such conversion, and the plaintiff is not bound to allege the particular act or acts which constitute the conversion.

ID.—WAIVER OF GROUNDS OF SPECIAL DEMURRER.—Objections to a complaint which are grounds of special demurrer are waived where the demurrer is general and no special grounds are specified therein.

ID.—AIDER OF COMPLAINT BY ANSWER.—An omitted allegation in the complaint may be aided by an averment of that fact in the answer, so as to uphold a judgment thereon, even though a demurrer to the complaint for the want of the fact had been erroneously overruled.

ID.—ALLEGATION OF DEMAND—WAIVER OF OMISSION.—A claim by a bailee in his answer of the ownership of goods intrusted to his keeping, and a denial of any title in his bailor, obviates the necessity of proving a demand for the goods before bringing suit, and waives the omission of an allegation of such demand.

APPEAL from a judgment of the Superior Court of the County of San Diego and from an order denying a new trial.   E. S. TORRENCE, Judge.

The facts are stated in the opinion.

*Parrish & Mossholder*, and *Walter Rose*, for Appellants.

An allegation of demand is necessary before commencement of suit where the property has come law-

fully into the possession of the defendant. (*Paige* v. *O'Neal*, 12 Cal. 496; *Campbell* v. *Jones*, 38 Cal. 507; *Harpending* v. *Meyer*, 55 Cal. 560; *Boulware* v. *Craddock*, 30 Cal. 191.)

*Johnstone Jones*, and *David L. Withington*, for Respondent.

There was no necessity of alleging a demand, and it was sufficient to allege a conversion. (*Dodge* v. *Meyer*, 61 Cal. 420; *People* v. *Van Ness*, 79 Cal. 88; 12 Am. St. Rep. 134; *Dennery* v. *Superior Court*, 84 Cal. 11; *Lehmann* v. *Schmidt*, 87 Cal. 21; *Davidson* v. *Donadi*, 2 E. D. Smith, 122; 5 Am. & Eng. Ency. of Law, 578, note; *Pease* v. *Smith*, 61 N. Y. 477; *Dunnahoe* v. *Williams*, 24 Ark. 264; *Dudley* v. *Sawyer*, 41 N. H. 326; 4 Am. & Eng. Ency. of Law, 115; *Himes* v. *McKinney*, 3 Mo. 382; *Riford* v. *Montgomery*, 7 Vt. 411.) The answer cures any defect in the complaint. (*Woodworth* v. *Knowlton*, 22 Cal. 169; *Richardson* v. *Smith*, 29 Cal. 529; *Feely* v. *Shirley*, 43 Cal. 369; *Burns* v. *Cushing*, 96 Cal. 669; *Cohen* v. *Knox*, 90 Cal. 266, 276.)

HARRISON, J.—This action was brought to recover damages from the defendants for the conversion by them of a stock of drugs in the Hotel Brewster Building, in San Diego. The defendants demurred to the complaint upon the ground that it did not state a cause of action, and, upon the overruling of their demurrer, answered the complaint. The cause was tried by the court and judgment rendered in favor of the plaintiff, from which and an order denying a new trial the defendants have appealed.

1. The demurrer was properly overruled. The complaint alleges that the plaintiff had been appointed receiver in an action then pending in the superior court of the county of San Diego, in which one Brickey was the defendant, and that as such receiver he was on the seventeenth day of March, 1893, " the owner and lawfully entitled to the immediate possession of a stock of goods

in the drugstore in the Hotel Brewster Building, in San Diego, in said county," and that on said seventeenth day of March, 1893, "the defendants, then being in possession of said goods, unlawfully converted and disposed of the same to their own use," whereby he had sustained damage. The defendants urge that this complaint is defective by reason of a failure to allege that the plaintiff had made a demand upon them for the property, and a refusal on their part to comply with such demand. As demand and refusal does not of itself constitute conversion (*Steele* v. *Marsicano*, 102 Cal. 666), but is only evidence from which conversion in certain cases may be found, so conversion may be established by proof of other acts on the part of a defendant concerning the property. If the relation of the defendant to the property is such that a previous demand is essential in order to establish conversion on his part, proof of such demand must be made at the trial, but the demand need not be alleged. The allegation that the defendants "converted and disposed of the property to their own use" is the allegation of a fact sufficient, in the absence of a special demurrer, to sustain a judgment. Upon the trial of an issue on this averment the plaintiff would be at liberty to introduce evidence of a demand and refusal, if such evidence were sufficient or necessary to establish the conversion, and he would also, under this averment, be authorized to offer evidence that the defendants had sold or otherwise dealt with the property in repudiation of the claim of the plaintiff. "Where conversion is alleged as a fact in general terms, that is sufficient to admit of any evidence on the trial of issue joined that tends to establish such conversion; and the plaintiff is not bound to allege the particular act or acts which constitute conversion in an action of this character. Averments which sufficiently point out the nature of the pleader's claim are sufficient, if under them upon a trial of the issues he would be entitled to give all the necessary evidence to establish the claim."

(*Berney* v. *Drexel*, 33 Hun, 34. See, also, *Johnson* v. *Ashland Lumber Co.*, 45 Wis. 119; *Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 246.)

The other objections to the complaint urged in the brief on behalf of the appellants would be relevant if there had been a demurrer on the ground of uncertainty or ambiguity, but as these grounds were not specified in the demurrer they were waived, and cannot now be considered.

2. Whatever defect there may have been in the complaint in this particular was removed by the answer of the defendants, wherein they alleged their ownership of the goods, and denied that the plaintiff had had " at any time since the twelfth day of March, 1893, any interest in, or been entitled to the possession of," the property sued for. The rule is well settled that a complaint which lacks the averment of a fact essential to a cause of action may be so aided by the averment of that fact in the answer as to uphold a judgment thereon (Pomeroy on Remedies and Remedial Rights, sec. 579; *Schenck* v. *Hartford etc. Ins. Co.*, 71 Cal. 28), even though a demurrer to the complaint for the want of this fact had been erroneously overruled. (*Cohen* v. *Knox*, 90 Cal. 266.) The rule in those cases which hold that when the defendant came lawfully into the possession of the property a demand and refusal must be established in order to charge him with conversion, and must be alleged in the complaint in order to permit of such proof, ceases when the defendant admits in his answer that he has converted the goods to his own use, or alleges facts showing that a previous demand would have been futile. The denial in the answer of a tenant of his tenancy, and of the title of his landlord, obviates the necessity of proving or alleging a notice to quit. (*Smith* v. *Shaw*, 16 Cal. 88; *Simpson* v. *Applegate*, 75 Cal. 342.) Upon the same principle the claim by a bailee in his answer of the ownership of goods intrusted to his keeping, and a denial of any title in his bailor, obviates the necessity

of proving a demand for the goods before bringing suit, and waives the omission of an allegation of such demand.

The judgment and order are affirmed.

GAROUTTE, J., VAN FLEET, J., McFARLAND, J., BEATTY, C. J., TEMPLE, J., and HENSHAW, J., concurred.