[S. F. No. 853.   Department Two.—December 29, 1898.]

ISAAC MINOR, Respondent, v. CYRUS BALDRIDGE etc., Appellants.

MONEY HAD AND RECEIVED—PLEADING—COMMON COUNTS—MONEY OB-
TAINED BY FALSE REPRESENTATIONS.—The common counts in *as-
sumpsit* may be used in this state, and in the absence of a spe-
cial demurrer, the common counts for money had and received
will lie to recover money obtained by false and fraudulent
representations, and the proof may be made at the trial that it
was so obtained, without any special pleading of the facts con-
stituting the fraud; though such pleading must fail before a
special demurrer.

ID.—CONDITIONAL CONTRACT—SUBSCRIPTION TO RAILROAD STOCK—MIS-
REPRESENTATIONS.—An action for money had and received will lie
to recover back money paid under a conditional contract for
subscription to railroad stock, on condition that a railroad should
be constructed up the river, on which plaintiff's sawmill was
situated, and that the railroad company would buy lumber from
such mill, where it appears that the money was obtained under
a false representation that the condition had been complied
with as to the location of the railroad, and that the corporation
would at once order a large amount of lumber.

ID.—BASIS OF ACTION — RESCISSION NOT REQUIRED.— Such action is not
based upon the breach of contract, but is based upon the theory
that the money was obtained under a false representation that
it had become due under the contract by the performance of
the condition precedent by the railroad company; and it is not
necessary to effect a rescission of the contract in order to main-
tain the action.

ID.— RIGHT OF CORPORATION TO PERFORM.— The contract .not being
rescinded, and being still in force, it may yet be performed by
the corporation, which may become entitled to demand and en-
force payment from plaintiff.

ID.—LIABILITY OF MISREPRESENTING AGENT.—The agent of the railroad
company who made the misrepresentations, cannot be held liable
in an action for money had and received, if no money was in fact
received by him, though he might be held justly liable with the
principal in an action of tort.

APPEAL from a judgment of the Superior Court of Hum-
boldt County.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

S. M. Buck, and Buck & Cutler, for Appellants.

L. F. Porter, and J. N. Gillett, for Respondent.

TEMPLE, J.—This action is for money had and received. The only facts alleged in the complaint are that on the second day of November, 1895, defendants were indebted to plaintiff in the sum of one thousand dollars for money had and received by them for the use of plaintiff, no part of which has been paid.

The defendants did not demur, and their answer consists only of a general denial.

At the trial the plaintiff introduced evidence which tended to prove that plaintiff and the corporation defendant entered into an agreement, in writing, by the terms of which plaintiff agreed to pay to the corporation twenty thousand dollars, in six installments, all dependent as to the time of payment upon the progress of the work in the construction of a railroad which the corporation was proposing to build.

The first installment was to be paid as follows: "Five per cent of said amount on call and after the terminal is secured on Humboldt Bay."

The written contract was signed only by the plaintiff, but there was an indorsement upon it as follows:

"This is secured on condition that the California, Oregon, and Idaho Railway Company build up Mad river and take material at market price for use of construction in said railroad for all we can use.

"CALIFORNIA, OREGON, AND IDAHO RAILWAY CO.
"CYRUS BALDRIDGE."

All this evidence was received subject to the objection on the part of defendants that it was not relevant to any issue made in the pleadings.

Plaintiff owned a sawmill near Mad river, and the agreement on the part of the corporation was understood to mean that the corporation would buy lumber from plaintiff, and this, he contends, was the consideration for his contract.

Some time after the contract had been signed Baldridge, acting for the corporation, represented to plaintiff that a terminal had been secured on Humboldt Bay, and therefore the first installment was due. Baldridge also promised plaintiff that if he would make the payment the corporation would at once order from him a large amount of lumber.

Believing these representations, and trusting in the promise,

plaintiff paid to the Randall Banking Company, at Eureka, the sum of one thousand dollars, as and for the first installment due upon the contract.

Evidence was introduced which tends to prove, and the jury found, that no terminal had been procured on Humboldt Bay, and the corporation has never purchased or offered to purchase lumber from plaintiff.

The court charged the jury that if Baldridge falsely represented that a suitable terminal had been secured on Humboldt Bay, and falsely promised plaintiff that if he paid the first installment an order for a large amount of lumber would be immediately made, they must find for plaintiff.

At the close of plaintiff's evidence defendants, and each of them, moved for a nonsuit. The motion was denied and the refusal was duly excepted to, and the ruling is assigned as error on the appeal.

As to Baldridge, I think the motion should have been granted. There was no evidence which even tended to prove that Baldridge ever received the money, or any portion thereof. The bank was the agent of the corporation, and it was stipulated in the written agreement that the money was to be paid to the bank for it. If the action were for damages the rule would be different, as both principal and agent are responsible for a tort committed by an agent within his authority and adopted by the principal. But the basis of this action is, that the defendant has money which in equity and good conscience he ought to pay to plaintiff. There was no evidence showing, or tending to show, that Baldridge had any money which he ought to pay to plaintiff.

On behalf of the corporate defendant, it is contended that the evidence, all of which was received over the objections of the defendants, was inadmissible under the complaint for three reasons: 1. No evidence could be received under such complaint, because, as required in the code system of pleading, it does not state a cause of action. It does not state the real facts which constitute the cause of action, but only certain conclusions of law which might result from various actual conditions. Implications of law from various circumstances which are not stated do not constitute the facts which under our system must be

pleaded; 2. Admitting that the common counts can be used in code pleading, yet where the reliance, as here, is upon proof of fraudulent representations, the facts constituting the fraud should be set out with some particularity, and where that is not done no proof of fraud can be received; and 3. This action is based upon an alleged breach of an express contract, and the question is, whether, by the terms of the contract, the money was due when it was paid. It is contended that under such circumstances a complaint in the form of a common count for money had and received cannot be maintained.

1. That the common counts in assumpsit may be used in this state is too well established to be now called in question. The matter was discussed in *Abadie v. Carrillo*, 32 Cal. 192. Two justices expressed the opinion that the use of the common counts was inconsistent with the code provisions which require a party in his pleading to state the facts constituting his cause of action, but they were of the opinion that the practice was too well established to be then held improper. In several cases since then the use of the common counts has been upheld. In *Castagnino v. Balletta*, 82 Cal. 250, a discussion is had as to the circumstances which will justify its use for the recovery of money due upon express contracts, and section 1042 of Greenleaf on Evidence is cited, as applicable to our system. In *Pleasant v. Samuels*, 114 Cal. 34, it is said that the common count is good against a general demurrer. In *Shade v. Sisson etc. Co.*, 115 Cal. 357, the same ruling is made, but it seems to be implied that such a pleading might be held insufficient as against a special demurrer that the pleading is ambiguous, uncertain and unintelligible. There was no demurrer here, and the first point must be overruled.

2. In the absence of a special demurrer, is the common count sufficient to justify the court in receiving evidence when the objection is made that the facts constituting the alleged fraud are not set out? In answer, I think it must be held, under the auhorities, that such a pleading is sufficient.

At common law, the common count for money had and received could be used to recover money obtained by false and fraudulent representations. (1 Chitty on Pleadings, 364.) In *Moses v. Mefarlan*, 2 Burr. 1005, Lord Mansfield said: "One great benefit which

arises to suitors from the nature of this action is that plaintiff need not state the special circumstances from which he concludes that, *ex aequo et bono,* the money received by the defendant ought to be deemed to belong to him. He may declare generally that the money was received to his use, and make out his case at the trial. This kind of action to recover back money which ought not in justice to be kept is very beneficial, and, therefore, much encouraged. It lies for money paid by mistake, or upon a consideration which happens to fail, or extortion, or oppression, or an undue advantage of the plaintiff's situation contrary to the laws made for the protection of persons under those circumstances."

The mode of pleading is inconsistent with our code, and it may be a matter of regret that it was ever tolerated, but the innovation is not so great if such complaint must fall before a special demurrer, which is like a motion to require a pleader to make his pleadings more definite, which practice prevails in some states.

3. The action is not based upon a breach of a contract, nor is it necessary to have a rescission of the contract to enable plaintiff to maintain his action. The theory is, that the money was obtained upon a false representation that it had become due under the contract, by the performance of the condition precedent by the corporation. This might all be, and the contract still remain in force. In such event, the corporation may yet perform and become entitled to demand and enforce payment from plaintiff.

I think the evidence was properly received and that it was sufficient to sustain the judgment.

As to the California, Oregon, and Idaho Railway Company, the judgment is affirmed. As to the other defendant, the judgment is reversed.

McFarland, J., and Henshaw, J., concurred.