[Civ. No. 342. Second Appellate District.—May 28, 1907.]

## D. F. DONEGAN, Respondent, v. H. R. HOUSTON, and D. C. WILSON, Appellants.

ASSUMPSIT—WORK AND LABOR DONE—EXECUTED CONTRACT—PLEADING.—A complaint to recover for work and labor done in grading and excavating for the defendants, within two years, for which they agreed to pay to the plaintiff a specified sum, is in effect an *indebitatus assumpsit* count at common law. Such pleading is allowable under our code; and its use carries with it the general rule applicable to such counts.

ID.—OMISSION OF USUAL AVERMENTS—IMPLIED CONSIDERATION AND PROMISE.—Though the complaint lacks the ordinary averments of indebtedness, and that the services were rendered at defendant's request, yet these averments are unnecessary when the consideration as well as the promise are implied from the nature of the transaction declared upon.

ID.—DISTINCT DEBTS UNDER DIFFERENT CONTRACTS.—Under an *indebitatus assumpsit* count, several distinct debts due in respect of different contracts not under seal of the same or different nature, as demands for work, and debts for goods, money lent, etc., might always be included in one count of this description, and whatever is due may be recovered thereunder. It is not necessary to declare specially, however special the agreement may have been, when plaintiff has performed the terms and the remuneration was to be in money.

ID.—EXPRESS AND IMPLIED CONTRACTS—GRADING AND EXTRA WORK— ACCOUNTS STATED—ITEMS.—The plaintiff may recover in one count under an executed express contract for grading completed, and also under an implied contract for extra work, as together constituting the whole indebtedness due, and where an account was stated for the whole indebtedness, the law implies a promise to pay it. It was not necessary to plead any of the items from which the result was obtained, the only remedy of the defendants being to demand a bill of particulars under section 454 of the Code of Civil Procedure.

ID.—PLEADING—ISSUE UNDER IMPLIED AVERMENT—WAIVER OF ENGINEER'S CERTIFICATE—UNJUST AND FRAUDULENT DETENTION—PERSONAL QUARREL.—The issue as to whether there was a waiver of the engineer's certificate required of the plaintiff was properly tried by the court, under the implied allegation that the contract was fully executed and performed, and that nothing remained but to pay the money agreed. The plaintiff might, without express pleading, prove that the engineer's certificate was unjustly and fraudulently detained, without warrant, owing to a personal quarrel.

ID.—FINDINGS WITHIN PLEADINGS—SUPPORT BY EVIDENCE.—*Held,* that all the findings for plaintiff are within the pleadings, and are supported by sufficient evidence. The weight of the evidence will not be considered where there is a substantial conflict therein.

ID.—OBJECTIONS TO COMPLAINT CURED BY ISSUES UNDER DEFENDANT'S PLEADINGS.—Where all of the issues which it is claimed the complaint should have tendered were set forth by the answer, counterclaim and cross-complaint of the defendants and issues joined thereon by plaintiff's answer thereto, any objections to the insufficiency of the complaint are thereby waived and cured; and where the case was tried and findings made for plaintiffs upon the issues tendered by defendant's pleadings, the judgment cannot be

reversed because of the objections made to the complaint, even
if it be conceded that they were tenable.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.  N.
P. Conrey, Judge.

The facts are stated in the opinion of the court.

Russ Avery, for Appellants.

H. L. Dunnigan, Haas, Garret & Dunnigan, and Charles
H. McFarland, for Respondent.

TAGGART, J.—This is an action to recover for grading
and excavating done by plaintiff for defendants on fifteen
acres of land in the city of Los Angeles.  Judgment was for
plaintiff and defendants appeal from the judgment and order
denying a new trial.

The complaint alleges the cause of action in the following
language: "Now comes the plaintiff and says that within the
last two years past, he did grading and excavating for the
defendants, for which they agreed to pay him the sum of six
thousand one hundred seventy-three dollars."

By answer, counterclaim and cross-complaint defendants
set out a special contract in writing between plaintiff and
defendants, under which, it is alleged, all the grading and
excavating involved in this action was done by plaintiff.  By
the terms of this contract the grading was to be done to the
satisfaction of one S. O. Wood, civil engineer, and be tes-
tified to by his certificate in writing.  It is alleged that plain-
tiff failed to perform his part of the contract in time, or at
all, was unable to procure the certificate of the engineer, and
abandoned the work and failed to complete it; that defend-
ants were compelled to expend certain sums in finishing por-
tions of the work, and suffered certain alleged damages by
reason of the delay and failure of plaintiff to complete the
grading according to contract.

The plaintiff's answer to the latter pleadings denies each
and all the allegations mentioned, and the findings of the
court expressly, or in effect, negative them all.  The court
also finds that plaintiff performed work in grading and ex-

cavating for the defendants, and that they agreed to pay him therefor as alleged in the complaint. That all the work done by plaintiff was done on the property described in defendants' pleadings, but that it was not all done under the contract pleaded therein. The court does not segregate the amount due for work under the contract from that due for other work, but finds there is now due to plaintiff from defendants $2,019 with interest, and the judgment is for that amount.

Appellants present their case on appeal as if the plaintiff had brought his action on the contract, and attempted to introduce evidence to excuse his failure to secure the certificate from the engineer without an allegation in his pleading to support it. They also contend that for this same reason the pleading does not support the finding of the court that "it is not true that the grading was not done in a workmanlike manner and to the satisfaction of the engineer or defendants or either of them" (following the language of the allegation in defendants' pleadings).

It is further contended that the extra work testified to by plaintiff should have been excluded from the judgment because it could only be supported by a pleading counting on a *quantum meruit*, and there was and is no such count in the complaint. No attack is made upon the sufficiency of the complaint, by demurrer or otherwise, and no objections were taken to the testimony introduced and no exceptions preserved to the improper admission or exclusion of evidence.

There are seventeen specifications of insufficiency of the evidence to justify the decision, nine of errors of law, occurring during the trial, assigned (all of which relate to the findings of the court), and eight particulars in which the decision is said to be against law. Most, if not all, these specifications, errors and particulars pass out of consideration upon ascertaining and determining the character of plaintiff's action, and applying the rule that this court will not look into the weight of the evidence supporting a finding if there be a substantial conflict in the evidence.

The complaint here is, in effect, an *indebitatus assumpsit* count at common law, and declares upon an executed contract. While it lacks the ordinary allegations of indebtedness and that the services were rendered at defendants' request (Estee's Pleadings [Boone], 4th ed., secs. 905, 912), these

averments are unnecessary when the consideration as well as
the promise are implied from the nature of the transaction
declared on. (*McFarland* v. *Holcomb,* 123 Cal. 86, [55 Pac.
761].)

Such pleading is allowable under our code (*Farwell* v. *Murray,* 104 Cal. 464, [38 Pac. 199] ; *Pleasant* v. *Samuels,* 114
Cal. 37, [45 Pac. 998]), and its use carries with it the general rule applicable to such counts. (*Castagnino* v. *Balletta,*
82 Cal. 258, [23 Pac. 127].) It is said in Chitty on Pleading,
*page 343 et seq.: "Several distinct debts due in respect of
different contracts not under seal, of the same or a different
nature, as demands for work, and debts for goods, moneys
lent, etc., might always be included in one count of this, description ; and the plaintiff would succeed *pro tanto,* though
he only prove one of such contracts. . . . Under an *indebitatus* count the plaintiff may recover what may be due to him
although no specific price or sum was agreed upon (the promise being implied), and therefore it has been observed that
the *quantum meruit* and *quantum valebat* counts are in no
case necessary, and should in many cases be omitted to prevent unnecessary prolixity and expense. . . . However special
the agreement was . . . and the terms of it have been performed on the plaintiff's part and the remuneration was to
be in money, it is not necessary to declare specially, the common *indebitatus* count is sufficient " (*p. 348).

The plaintiff testified, and he is corroborated by his foreman, that he fully completed the grading and excavating according to his contract, the court so finds, and a case was
made that justified such a pleading. Had he failed to sustain the burden of proving a completed contract his case must
have failed as to any work done under the contract; and,
without a *quantum meruit* or other count to support a judgment upon a part performance, he could have recovered nothing. The express promise as to the work done under the
executed special contract and the implied promise as to the
extra work could be declared on in the one count, since they
together constituted the indebtedness due from defendants
to plaintiff upon contracts that were fully executed. The indebtedness had become a single claim for money due for grading and excavating. The rule here is similar to the one applied to the more familiar form of common count, an account
stated. All the items and transactions preceding the stating

of the account become merged in the one account stated. The law implies a promise to pay this, and permits an action to be brought upon the single sum ascertained to be due, without pleading any of the items or transactions from which the result was obtained. If defendants had desired to ascertain the items of the claim, they could have obtained them under the provisions of section 454 of the Code of Civil Procedure. (*Farwell* v. *Murray*, 104 Cal. 464, [38 Pac. 199].)

The issue as to whether or not there was a waiver of the engineer's certificate was properly tried by the court under the implied allegation of the complaint that the contract had been fully executed and performed by the plaintiff, and that nothing remained to be done but to pay the money agreed to be paid. (*Minor* v. *Baldridge*, 123 Cal. 190, [55 Pac. 783].) The special contract was admissible in evidence to establish the measure of compensation for the labor performed under it. (*Herman* v. *Littlefield*, 109 Cal. 430, [42 Pac. 443].) Whether a demurrer for uncertainty would lie to such a complaint appears to be in doubt. (*Pleasant* v. *Samuels*, 114 Cal. 37, [45 Pac. 998]; *Shade* v. *Sisson*, 115 Cal. 357; *McFarland* v. *Holcomb*, 123 Cal. 86, [55 Pac. 761]; *Minor* v. *Baldridge*, 123 Cal. 190, 55 Pac. 783.)   In the last-cited case, while the mode of pleading here followed is criticised as inconsistent with the code provisions requiring the party to state the facts constituting his cause of action, it is expressly held that it is too well established to be declared improper.

The action, then, is neither on the special contract nor on a *quantum meruit*. The findings are within the pleadings, and there is evidence to sustain them all. Plaintiff testified that he completed the work under his contract according to the specifications thereof. In this he was corroborated by his foreman. As to the certificate from the engineer, he testified that it was unjustly and fraudulently detained from him by the engineer because of a personal quarrel. The testimony of the defendant Houston and his witness Gibson corroborate this in part, to the extent of establishing that they quarreled over the setting of stakes on the job. Plaintiff testified that the engineer withheld the certificate to compel the payment of a personal debt for these stakes claimed to be due from plaintiff to the engineer. While the letter was not in evidence and cannot be considered here, this statement is cor-

roborated by the letter of Mr. Wood which is made a part of the showing on the motion for a new trial.

If the trial court accepted the explanation of plaintiff, which it had a right to do, and found the withholding of the certificate was a fraud upon plaintiff and without warrant, there was evidence to sustain it, and the complaint was sufficient to support the finding without the fraud or excuse being specifically pleaded or set out. (*Minor* v. *Baldridge*, 123 Cal. 190, [55 Pac. 783].)

Conceding the complaint to be insufficient for the reasons claimed by appellant, there is another rule of pleading applicable here which would still require that the findings and decision of the trial court be sustained. All the issues which it is contended the complaint should have tendered were set forth by the answer, counterclaim and cross-complaint of defendants and issue thereon joined by plaintiff's answer to the two latter pleadings. The rule is well settled that a complaint which lacks the averment of a fact essential to a cause of action may be so aided by the averment, or express denial, of that fact in the answer, as to uphold a judgment thereon. (*Vance* v. *Anderson*, 113 Cal. 537, [45 Pac. 816].) The omission will also be cured by its averment in a cross-complaint of the defendant, and this although a demurrer to the complaint for the want of the fact has been erroneously overruled. (*Cohen* v. *Knox*, 90 Cal. 266, pp. 275, 276, [27 Pac. 215]; *Daggett* v. *Gray*, 110 Cal. 172, [42 Pac. 568].) The case was tried and findings made upon the issues tendered by defendants' pleadings, and it would be a vain thing to reverse the judgment, to direct the plaintiff to amend his complaint by averring facts already averred in the cross-complaint, and to again, in that form, present issues which have already been raised and determined. (*Cohen* v. *Knox*, 90 Cal. 266, [27 Pac. 215]; *Antonelle* v. *Kennedy etc. Lumber Co.*, 140 Cal. 320, [73 Pac. 966].)

We have accepted the statement in appellant's reply brief in regard to the extension of time given on the service of statement on motion for a new trial and considered the appeal on its merits. We find no error in denying the motion for a new trial. The affidavit filed with the motion presenting the subsequently discovered letter of the engineer does not present any new evidence that would, if admitted, be

sufficient to justify a change in the decision to the advantage of the defendants.

No error appearing from the record, judgment and order of the trial court are affirmed.

Allen, P. J., and Shaw, J., concurred.