[Civ. No. 2401. Second Appellate District, Division One.—April 12, 1919.]

## W. W. ADAMS, Appellant, v. THEO. H. PLETSCH et al., Respondents.

[1] ACTION FOR MONEYS DUE—FINDINGS—EVIDENCE.—In this action to recover commissions alleged to be due plaintiff in connection with the sale of stock of a certain corporation, also to recover a further sum claimed to be due plaintiff in connection with certain collections alleged to have been made, the findings of the trial court in favor of the defendants were supported by the testimony of the defendants.

[2] ID.—CONTRADICTORY EVIDENCE—PROVINCE OF TRIAL COURT.—Where the testimony of the two defendants was contradictory, it was for the trial court to weigh and reconcile such inconsistencies by accepting, in whole or in part, the testimony of either defendant.

[3] ID.—FRAUD — PLEADING — EVIDENCE.—Where a party is induced through fraud to enter into an agreement waiving his claim and right to money which might in a certain contingency become due to

40 Cal. App.—41

him, in an action to recover such money after the happening of
the contingency, evidence of the facts constituting the fraud is
admissible only if such facts are pleaded.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Charles Wellborn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Tipton & Cailor for Appellant.

Head & Marks and Elmer I. Moody for Respondents.

SHAW, J.—Plaintiff appeals from a judgment entered in
favor of defendants, who were promoters of a corporation
designated as the Continental Mausoleum Company and who,
as agents for the sale of the capital stock of the corporation,
were to receive a commission of twenty per cent upon sales
made by them.   In furtherance of the business for which
it was created, the corporation had made a contract whereby
it agreed to purchase from William N. Holway the rights' to
a certain United States patent for the sum of sixty-five thou-
sand dollars.   It appears that defendant Pletsch had a con-
tract with Holway for the collection of this money.   The de-
fendants, thus representing both Holway and the corporation,
agreed to pay plaintiff ten per cent commission on all stock
which he might buy, and a like sum on all sales of stock in the
negotiation of which he assisted, and further agreed that he
should be paid ten per cent commission on all sums of money
collected by Pletsch on the Holway contract.   One count of
the complaint alleged that, pursuant to this agreement, plain-
tiff bought stock of the corporation of the value of three
thousand five hundred dollars, upon which he was entitled to
a commission of seven hundred dollars, and that collections of
seven thousand dollars were made upon the Holway contract,
upon which he was entitled to a like sum of seven hundred
dollars, for the total of which judgment was asked.

The court, in effect, found that as to the stock bought by
plaintiff, thirty thousand shares thereof, valued at three
thousand dollars, was not subject to the agreement because
the same was made after the purchase; that as to the other
five hundred dollars worth of stock purchased by plaintiff,
he received payment of his commission thereon, which fact

plaintiff in his testimony admitted to be true. It was further, in effect, found that no collections upon which plaintiff was entitled to commissions had been made on the Holway contract.

[1] The chief ground upon which appellant insists on a reversal is that the evidence is insufficient to support these findings. It would be an idle waste of time for the court to make an extended review of the testimony offered touching the issues so joined. Suffice it to say that counsel for appellant concede the testimony of defendants supports the findings. [2] Their contention is that it is contradictory. Concede so much, nevertheless it was for the trial court to weigh and reconcile such inconsistencies by accepting, in whole or in part, the testimony of either defendant. Both defendants are positive in their statements that at the time plaintiff bought the thirty thousand shares of stock there had been no talk or conversation whatever in reference to allowing him any commission whatsoever thereon. They insist that the only agreement regarding commissions on stock bought by plaintiff was made after said purchase by him of the thirty thousand shares.

Appellant's attack upon the finding to the effect that defendants promised to pay him the sum of ten per cent on all sums of money in cash collected from the Mausoleum Company by Holway is based upon the claim that there was transferred to Holway by the company certain contracts and property of the value of seven thousand dollars. The agreement, however, as shown by the testimony of defendants, was that the ten per cent commission was to be paid only upon sums of money which Holway received, and not upon property which he might agree to accept in lieu of cash. It further shows that defendants consulted plaintiff with reference to the company transferring this property to Holway, at which time he was told that if Holway accepted the property for the agreed sum of seven thousand dollars, no commission would be allowed thereon, to all of which plaintiff himself admits that he agreed. Moreover, since Holway testified that upon said contract the company "never paid any money, property, or consideration whatever," it appears that such transfer was never consummated.

[3] While plaintiff admits that he agreed, in case of a transfer of the property to Holway, he would waive any right

or claim to commissions upon the value of the property, he insists that he was induced so to do by defendants agreeing to a like waiver on their part, instead of which, however, he claims that defendants obtained the entire property and appropriated it to their own use and benefit, by reason of which fact the agreement of waiver on his part was procured by fraud. The court, however, refused to receive and consider testimony tending to establish such alleged fraudulent acts and representations on the part of defendants, for the reason that the complaint contained no allegation of fraud. The action as brought was for money had and received by defendants to plaintiff's use and benefit, upon which appellant insists, on the authority of *Minor* v. *Baldridge,* 123 Cal. 187, [55 Pac. 783], that evidence showing fraud in procuring the agreement of waiver made by plaintiff was admissible. In the case cited it was held that where a condition precedent to the payment of money was falsely represented to have been performed, such fact might be shown in an action in *assumpsit.* The case is not applicable to the facts under consideration, for the reason that here plaintiff entered into an agreement surrendering his claim and right to money which might in a certain contingency become due to him. No money had, as in the Minor case, been paid, and if the contingency arose under which plaintiff, except for his agreement of waiver so claimed to have been procured by fraud, was entitled to commissions, the facts showing that it was so obtained should have been alleged. Otherwise defendants would not have notice of the nature of plaintiff's claim based on his repudiation of the contract of waiver. (*Nichols* v. *Randall,* 136 Cal. 426, [69 Pac. 26].) However, even were the alleged error conceded, plaintiff was not prejudiced thereby, for the reason that it appears without contradiction that the property was not transferred to Holway, nor were any collections made upon his contract with the company.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.