[No. 6,655.—In Bank.]

S. O. HOUGHTON *v.* JOHN STEELE ET AL.

</div>

CONDITION—PERFORMANCE OF CONDITION IN DEED.—D. conveyed to Y. an undivided third of a lot of land, the deed reciting, "the foregoing conveyance is upon the following conditions, to wit: 'that the said Y. hereby covenants and agrees to proceed to recover the possession of the above described lot, at his own expense, at a suit at law,'" etc., and thereupon Y. employed a competent lawyer, and with him, with the consent of D. and his attorneys, undertook the conduct and control of an action then pending against the parties in the possession of the land. Afterwards, on the motion of D., and against the will of Y. and his attorney, another attorney was substituted in the action, who dismissed the same and commenced another action in which he recovered the land:

*Held,* That, conceding the condition to have been a condition precedent, this action on the part of D. prevented its performance by Y., and therefore excused the non-performance

Appeal from an order denying a new trial in the Twelfth District Court, City and County of San Francisco. Whee-ler, J.

The defendant had judgment and moved for a new trial, which was denied, and he appealed.

*Houghton & Reynolds,* for Appellant.

The re-entry by Donner revested the estate in him. It is averred in the complaint, and is not denied by the answer, that Donner made a re-entry claiming and asserting a breach of the condition on or about the 15th of April, 1867. Upon a breach of condition subsequent the grantor by re-entering becomes revested with his former estate. (*Nicoll* v. *N. Y. & E. R. R. Co.,* 12 N. Y. 121.) "It is a general principle of law that he who enters for a condition broken, becomes seised of his first estate, and he avoids, of course, all intermediate charges and incumbrances. (4 Kent's Com. 126; 1 Shep. Touch. by Preston, 121, 155.) Resuming control of the case of *Donner* v. *Thompson et al.* by Donner was necessary to protect his rights for the reasons: He had been notified by Yontz that he could not comply with the condition. His case was about be dismissed for want of prosecution. The Yontz interest having been forfeited, and revested in' Donner, before he conveyed to the plaintiff, the latter is entitled to be pro-tected in the possession of his property against the judgment in favor of Bradley, for the reason that while that case was pending the legal title which was asserted therein revested to Donner and is now vested in the plaintiff herein.

*O. P. Evans,* and *Taylor & Haight,* for Respondents.

The condition of the deed was performed by Yontz when he prosecuted the case of *Donner* v. *Thompson et al.* to trial, and submitted the case for the plaintiff. Donner consented that Yontz should perform the condition by prosecuting a case then pending. He prosecuted that case, and tried it for plaintiff, but recovery in it was prevented by Donner, when he dismissed it. (2 Washburn Real Property, 3d ed., 10; 2 Crabb Real Property, 815.) When a grantor prevents the

performance of the condition by his own act, or performs the condition himself, there can be no forfeiture, and the estate becomes absolute in the grantee.    (4 Kent's Com. 130.)

ROSS, J.:

One Donner being, on the 10th of April, 1858, the owner in fee of a certain lot of land in the City and County of San Francisco, conveyed to one John Yontz by deed an undivided third of it—the deed reciting: "The foregoing conveyance is upon the following condition, to wit, That the said John Yontz, party of the second party, hereby covenants and agrees to proceed to recover the possession of the above-described lot at his own expense, at a suit at law, provided, however, if a compromise is made by the said Yontz, with parties now in possession of said lot, or other parties holding under the said parties in possession, then and in that case no compromise is to be made without the consent of the said Donner. The consideration of the conveyance of the undivided third of the foregoing described property * * * is the sum of one dollar, the receipt whereof is hereby acknowledged and confessed, and also the further consideration of the services of the said Yontz in recovering the possession of said lot, as per condition heretofore mentioned."

At the time of this conveyance Donner had pending in the then Twelfth District Court of the State an action of ejectment against a number of persons who withheld from him the possession of the lot, which action was entitled *Donner* v. *Thompson et al.* Upon the execution of the deed, Yontz employed as his attorney Mr. E. L. Goold, a competent lawyer, and with him undertook the conduct and control of the action of *Donner* v. *Thompson et al.* Goold's appearance in the cause was with the consent of Donner and of the gentlemen who had acted therein as Donner's attorneys. On the 15th of November thereafter the cause was, by consent of all parties thereto, referred to J. P. Treadwell, an attorney of the Court, to take testimony and report a judgment therein. Yontz, with the aid of his attorney, Mr. Goold, proceeded to take the testimony of divers witnesses, and introduced documentary evidence before the referee. On or about November 19th, 1859, the testimony for the plaintiff was closed. In

March, 1860, Donner employed the plaintiff, Mr. Houghton, to appear for and represent him in the case, and shortly afterwards Houghton sought to have himself substituted as attorney for Donner therein. His motion in that behalf was denied by the District Court, whereupon he resorted to the Supreme Court for a writ of mandamus to compel such substitution, which writ was awarded and the substitution made accordingly. Soon after this substitution of Houghton as attorney for Donner in the case of *Donner* v. *Thompson et al.*, to wit, on the 8th of April, 1861, he caused the said action to be dismissed, and thereupon instituted another action in Donner's name against the parties in possession of the lot, in the complaint in which Donner was alleged to be the owner of the undivided three fourths of the premises.

Thus it will be seen that while Yontz was engaged in the prosecution of the action of *Donner* v. *Thompson et al.*, for the recovery of the possession of the entire lot, the conduct and control of which action he had assumed with his attorney, Mr. Goold, by consent of Donner and his attorneys, Donner interfered, procured Mr. Houghton to be substituted as attorney, ousted Yontz and his attorney, then dismissed the action, and commenced another, in which he asserted title to but three fourths of the premises. Such action on his part prevented the performance by Yontz of the agreement contained in the deed of April 10th, 1858, and, therefore, excused the condition—conceding it to have been a condition precedent. (1 Lomax's Dig. 274; *Marshall* v. *Craig*, 1 Bibb, 389; S. C., 4 Am. Dec. 647; *Majors* v. *Hickman*, 2 Bibb, 217; 1 Roll. Abr. 453; *Downer* v. *Norton*, 16 Cal. 440.)

We have not overlooked appellant's suggestion that the action of Donner, in the particular mentioned, was occasioned by statements made to him by Yontz, to the effect that his attorney had left the State, and that he, Yontz, had no money, and was unable to proceed further in the cause. It is true that Donner so testified, and, also, that "after he (Yontz) so informed me, I waited for him to prosecute the action until the action was about to be dismissed for want of prosecution, and he still informed me that he could go no further with it."

The Court below, however, did not find Donner's statement,

in this regard, to be true, and, in view of the evidence in the case, we would not be justified in interfering with the findings. The assertion of Donner that the action against Thompson *et al.* was about to be dismissed for want of prosecution, finds no support in the record. Goold, it is true, was absent from the State for several months, but his testimony is that, before going, he had an understanding with the attorney for the defendants in the action that the case should not be taken up during his absence, and, moreover, that he engaged a competent attorney to represent him in the matter in the event anything was done. In this respect Goold's testimony is corroborated by that of the referee, Treadwell, whose testimony also indicates that no move, looking to a dismissal of the case for want of prosecution, was made or contemplated. The testimony of Goold, who, it appears from the record, was a learned and skillful lawyer, is also to the effect that he considered it, for reasons explained by him, to the interest of the plaintiff's case to delay, rather than hasten, its disposition, and that his conduct of the suit was in accordance with what he thought the best interests of his client demanded.

The facts found by the Court below (and sustained by sufficient evidence) show that Donner himself prevented Yontz from performing the condition stated in the deed, for which reason neither he nor his grantee—the plaintiff in the present case—can take advantage of the want-of performance. (See authorities *supra.*) This view renders it unnecessary to consider the other points discussed by counsel.

Judgment and order affirmed.

THORNTON, J., MYRICK, J., McKEE, J., MORRISON. C. J., and McKINSTRY, J., concurred.