[No. 14598.   Department Two. — August 3, 1892.]

## HENRY E. CARTER, RESPONDENT, v. E. J. BALDWIN, APPELLANT.

ATTORNEY AND CLIENT — SPECIAL CONTRACT FOR SERVICES OF ASSISTANT COUNSEL — SERVICE NOT REQUESTED — WAIVER OF PERFORMANCE. — Where a firm of attorneys was employed to assist in the prosecution of certain libel suits pending and to be brought against a private individual, and also a civil suit against a newspaper for libelous articles, under a contract that part of the fee was to be paid in cash, a part in sixty days, and the balance "on the termination of said suits," and it appears that all the services were performed except the contemplated suit against the newspaper, and the evidence in an action upon the contract tends to show that the defendant never went near the members of the firm after employing them, nor in any manner thereafter requested them to bring the action against the newspaper, nor did the other attorneys whom they were employed to assist ever call upon them for any service in relation to such suit, it was not incumbent upon such firm to commence the action against the newspaper without

further directions from the defendant or from the other attorneys, and having waited a reasonable length of time, and until after the action against the newspaper was barred by limitation, without receiving such directions, they were justified in assuming that the defendant had waived the bringing of the action, and they are entitled to recover the balance due under the contract, as if such service had been actually performed.

ID. — PLEADING — ALLEGATION OF FULL PERFORMANCE — PROOF OF WAIVER — IMMATERIAL VARIANCE. — Where the complaint in such case alleged the full performance of the contract on the part of the attorneys, and the evidence upon the part of the plaintiff tended to show performance by them of all the services contemplated by the contract, except in relation to the suit against the newspaper, but as to that a waiver of performance by the defendant, and the evidence was received without objection, and the defendant is not shown to have been misled by the variance, it is to be disregarded as immaterial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee,* for Appellant.

*Anderson & Anderson,* for Respondent.

DE HAVEN, J.—This action is brought by plaintiff as assignee of a contract made by defendant with the law firm of Silent, Wade & Fitzgerald. The complaint was filed on April 14, 1890, and alleges, in substance, that defendant, on February 10, 1886, employed said firm of Silent, Wade & Fitzgerald to prosecute certain libel suits then pending and to be brought against one Bell, and also a civil suit against the Los Angeles Times for libelous articles theretofore published, the defendant agreeing to pay for such services two thousand dollars, of which sum five hundred dollars was to be paid in cash, five hundred dollars in sixty days from date of the agreement, " and the balance of one thousand dollars on the termination of said suits." The complaint further alleges that the assignors of plaintiff fully performed said contract, and that all of the suits referred to in the agreement have been termi-

nated, and that defendant has not paid the balance of one thousand dollars agreed to be paid on the termination thereof, and this action is brought to recover such balance.

The answer of defendant denied that plaintiff's assignors had performed the services required of them under the contract stated in the complaint, and in this connection alleged that the suit against the Los Angeles Times was never commenced, and that no services had been rendered therein, as contemplated by said contract.

The action was tried by the court without a jury, and findings were filed, and a judgment rendered in accordance therewith in favor of the plaintiff for the full amount claimed by him. The defendant appeals.

It is conceded that the contemplated suit against the Los Angeles Times was never commenced, and the claim of appellant is, that this being so the plaintiff is not entitled to recover. We think, however, that the evidence tended to show a waiver of performance of this particular service, and the findings of the court fairly construed are to this effect. The evidence upon the part of the plaintiff tended to show that the firm of Silent, Wade & Fitzgerald were employed to assist other attorneys of defendant in the prosecution of the suits referred to in the complaint. The attorneys thus to be assisted were the regular attorneys for defendant, and had commenced the civil suits which were then pending, and according to the testimony for plaintiff, were to continue as senior counsel not only in these, but were to act as such in the one to be brought against the Los Angeles Times. The defendant never went near the firm of Silent, Wade & Fitzgerald after employing them, nor in any manner thereafter requested them to bring the action against the Los Angeles Times, nor did the other attorneys, whom they were employed to assist in the matter, ever call upon them for any service in relation to such suit. When this action was commenced, the period of limitation fixed by the laws of this state within which to commence the action against the Los Angeles Times for the

alleged libel had. expired.  It is true, the defendant in
such an action might waive this defense; but still such
long delay upon the part of this defendant in the matter
of directing the commencement of such suit is strong
evidence that he had abandoned all intention of bring-
ing it.  It is undoubtedly true that in many cases the
contract employing an attorney to prosecute an action
would be construed as containing an implied, if not
express, direction to the attorney to bring such action
without further request upon the part of the client, but
under the contract which the evidence of plaintiff tended
to establish in this case, it was not incumbent upon the
assignors of plaintiff to commence the action against the
Los Angeles Times without further directions from
defendant, or from the other attorneys who were to
act as senior or leading counsel for defendant in the
prosecution of the case; and having waited a reasonable
length of time without receiving such directions, they
were justified in assuming that defendant had waived
the performance of this particular service, and they were
entitled to recover upon the contract, as if such service
had been actually performed.

The complaint in this case alleges full performance of
the contract upon the part of Silent, Wade & Fitzgerald,
whereas the evidence upon the part of plaintiff tended to
show performance by them of all services contemplated
by the contract, except in relation to the suit against the
Los Angeles Times, and as to that a waiver of perform-
ance by defendant.  We do not regard the variance as
material.  The evidence was received without objection,
and it is apparent from the record that the defendant
was not misled thereby.  This being so, the variance is
to be disregarded under section 469 of the Code of Civil
Procedure, which declares: " No variance between the
allegation in a pleading and the proof is to be deemed
material, unless it has actually misled the adverse party
to his prejudice in maintaining his action or defense
upon the merits."

The evidence upon the trial was conflicting upon ma-

terial points, but the case seems to have been fully and fairly tried, and we find no error in the record.

Judgment and order affirmed.

McFARLAND, J., and SHARPSTEIN, J., concurred.