[Civ. No. 59. Second Appellate District.—October 18, 1905.]

# ELLIOTT B. WYMAN, Respondent, v. JOHN D. HOOKER, Appellant.

MECHANICS' LIENS—FORECLOSURE BY CONTRACTOR—PLEADING—PERFORMANCE OF CONTRACT—UNCERTAINTY—ARCHITECT'S CERTIFICATE—WAIVER OF OBJECTION.—In an action by a building contractor to recover the balance due on the contract, and to foreclose a lien therefor, where the complaint avers a full performance of the contract, and appends a copy of it as an exhibit, the complaint is sufficient in the absence of a special demurrer for uncertainty in failing to aver that the work was done to the satisfaction of the architect, and that he gave his certificate for the last payment, as provided in the contract. In the absence of such demurrer, the objection for the want of such averment is waived, and cannot be urged for the first time upon appeal.

ID.—ISSUE AS TO PERFORMANCE—RESPONSIVE FINDING—COMPLETION—CERTIFICATE—POSSESSION OF BUILDING.—Where issue was joined upon the averment of performance, and the court found that the contract was completed and finished, and was accepted by the architect, who issued his certificate for the completion payment, and that the owner took possession of the building and occupied it by his tenants, the findings are responsive to the issue as to the performance of the contract.

ID.—SUPPORT OF FINDINGS—SATISFACTION OF ARCHITECT—ACCEPTANCE OF BUILDING—ORAL DECLARATIONS.—The written certificate of the architect as to the completion payment placed in evidence, was some substantial evidence that the architect was satisfied with the building, and followed as it was by the owner going into possession of the building, it was evidence of acceptance of the building by the owner as well as by the architect. Oral declarations of the architect that he was not satisfied with the building could hardly be taken by the trial judge as impeaching his written certificate, and the judge may have considered the objections as the fault of the plans and specifications of the architect, and not the fault of the builder.

ID.—COUNTERCLAIM—LIENS OF MATERIALMEN PAID BY OWNER.—Where the contract required the contractor, after acceptance of the work, to cancel and release all claims accrued in carrying on the work, liens paid by the owner for materials put into the building, with attorney's fees and all expenses connected therewith, were properly allowed as a counterclaim and deducted from the amount otherwise due to the contractor; and that is all that the owner is entitled to demand.

ID.—WRONGFUL WITHHOLDING OF FINAL CERTIFICATE.—It appearing that the builder completed his contract, and the owner took possession

after the acceptance certificate had been executed, and the contractor was entitled to the certificate, the owner will not be allowed to defeat the contractor's right of recovery by a wrongful withholding of the final certificate on the part of the architect.

ID.—PLEADING AND PROOF—PERFORMANCE—EXCUSE FOR WANT OF CERTIFICATE—WRONGFUL WITHHOLDING—ABSENCE OF OBJECTION.—It was not necessary tht plaintiff should plead an excuse for not obtaining the final certificate, but he could show his right thereto, and that it was wrongfully withheld, under the averment of performance of the contract, especially where no objection was made at the trial to evidence of the inexcusable and arbitrary withholding of the certificate by the architect, as not warranted by the pleadings.

ID.—PROOF OF ASSIGNMENT—PRIOR UNACCEPTED ORDER—TESTIMONY OF HOLDER.—Where the evidence clearly shows an assignment of the builder's claim to the plaintiff, and that he is the owner thereof, proof of a prior unaccepted order given by the builder to a third person which did not amount to an assignment, could not affect the subsequent assignment to the plaintiff; and the testimony of the holder of the order that there was no assignment to him, should be accepted as controlling.

ID.—EXTRA WORK—ORAL AGREEMENT—WAIVER OF STIPULATION FOR SEPARATE WRITTEN ESTIMATE—ESTOPPEL.—Where the evidence showed that the extra work on the building was done with the knowledge and consent of the owner and his agent, and that they waived the written stipulation for a separate written estimate of extra work by orally agreeing to and countenancing the work without written estimates, which would not have been done but for such consent of the owner, he will not be permitted to repudiate work done in the manner that he consented to, on the ground that it was not done in accordance with a previous written agreement.

ID.—EVIDENCE—REBUTTAL OF TESTIMONY OF ARCHITECT.—Where the architect had testified that the floor was defective, the court properly allowed the contractor to testify in rebuttal that he did not pay the subcontractor for the floor until the architect "passed on it, said it was all right and accepted it," as tending to affect the weight of the architect's testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

Borden & Carhart, for Respondent.

GRAY, P. J.—This is an action to recover the sum of $2,455.66, alleged to be due upon a certain builder's contract, and to foreclose a mechanic's lien securing the same. The plaintiff had judgment for $1,665.57, and for costs, and a decree of foreclosure, from all of which, and from an order denying a new trial, the defendant appeals.

The builder's contract provides that the work shall be done under the direction and to the satisfaction of the architect. It further provides for payments as follows: "$2,000 when walls are up ready to receive the trusses; $2,000 when roof on, copings of wall cemented and rear corrugated iron finished; $2,127.50 when completed and accepted; the final payment of $2,042.50 shall be made thirty-five days after the completion and acceptance of the work." It was also provided: "That in each case of the said payments a certificate shall be obtained from and signed by said John Parkinson, architect, to the effect that he considers the payment properly due; but no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

1. Appellant contends that the complaint contains no allegation that the work was done to the satisfaction of the architect, or that the architect gave the certificate as to the last payment mentioned above. The complaint did state that the contract was fully performed on the part of the contractor, and contained a copy of the contract attached as an exhibit. The answer denied this averment of performance, and there was no special demurrer to the complaint for uncertainty. The allegations of the complaint in this respect were sufficient. (Code Civ. Proc., sec. 457; *Moritz* v. *Lavelle,* 77 Cal. 12, [11 Am. St. Rep. 229, 18 Pac. 893].) If the appellant did not regard the complaint as sufficient in this respect, he should have demurred specially for this reason, and the defect, if it was a defect, could have been remedied by amendment. He will not be heard on appeal as to an objection of this character, as such an objection is deemed to be waived when not taken by demurrer to the complaint in the court below. (Code Civ. Proc., sec. 434.)

2. The court finds: "That the said contract and the building therein agreed to be constructed, including the said additional work, was fully completed and finished by the said contractor on the seventeenth day of May, 1902; and was on said day accepted by the said architect named in the said contract, and that said architect then and there issued his certificate for the completion payment in accordance with said contract. That on June 7, 1902, the defendant Hooker filed in the office of the county recorder of Los Angeles county a notice of the completion of the said building in the words and figures set forth in paragraph 8 of the said answer; that the said defendant Hooker by his tenants took possession of the said building on May 19, 1902, and have ever since occupied same." We think there was evidence to support every part of this finding. The written certificate for the completion payment, duly signed by the architect, was placed in evidence. And this certainly was some substantial evidence that the architect was satisfied with the building, and followed as it was by the owner going into possession of the building, it was evidence also of acceptance of the building on the part of the owner, as well as the architect. It is true that the architect made some oral declarations, both before and after the giving of this certificate, showing that he was not satisfied with the building, but these declarations could hardly be taken by the trial judge as impeaching the written document certifying that the completion payment was due, which document seems to have been executed with full knowledge of the exact condition of the building. Besides, it may well have been that the "wall out of plumb," and other defects complained of by the architect, were considered, if not by the architect himself, at least by the trial judge, as the direct fault of the plans and specifications drawn by the architect, and in no way the fault of the builder. The builder was there to follow the plans and specifications, and it would be unjust in the extreme to allow the architect to interpose an objection, based on his own fault, between the builder and compensation for his work. We also think that the quoted finding was responsive to the issue already referred to, as to the performance of the contract.

3. The contract also provided that: "The contractor shall, on or before thirty-five days after the acceptance of the work

herein contracted for, cancel and release the said work, premises, or property from all claims that may have accrued against the same in carrying out the work herein contracted for." And it is shown that at the commencement of the action some $600 and upward was yet due from the contractor, and constituted a lien on the property, for materials put into the building. But it was also shown that this lien was paid by defendant, and the whole thereof, including attorney's fees and all expenses connected with it, was allowed as a counterclaim, and deducted from the amount otherwise due the contractor. This was the proper disposition of the matter, as directed by section 1193 of the Code of Civil Procedure (see *Adams* v. *Burbank,* 103 Cal. 646, [37 Pac. 640)], and is all that defendant has a right to demand. He has lost nothing on account of that lien, and as the matter has been disposed of as directed by the law, he cannot be heard to complain. It was not here agreed, as in *Holmes* v. *Richet,* 56 Cal. 316, [38 Am. Rep. 54], "that if any lien upon the property shall exist at the time when an installment will be otherwise due, the existence of such lien shall constitute a good and sufficient reason for the nonpayment thereof"; hence, that case is not inconsistent with the position here taken, nor is there anything inconsistent herewith to be found in the case of *Loup* v. *California S. R. R. Co.,* 63 Cal. 101, or in any of the other cases cited by appellant.

4. To be sure, the last payment was to be made upon the obtaining of the certificate of the architect that the amount was due. But where it is shown, as here, that the builder had completed his contract, and the owner had gone into possession after the acceptance certificate had been executed, and the contractor had done everything necessary to entitle him to a certificate for the final payment, the defendant will not be allowed to defeat the contractor's right of recovery by a wrongful withholding of the final certificate on the part of the architect. It is not to be presumed that the parties intended that money rightfully belonging to the contractor should be forfeited upon the arbitrary will or caprice of the architect in withholding the final certificate. (*Antonelle* v. *Lumber Co.,* 140 Cal. 315, [73 Pac. 966].) Nor was it necessary that any excuse for not obtaining this final certificate should be set out in the complaint. It was sufficient in that

behalf to allege the performance of the contract on the part of the contractor, and thereafter to prove such performance. If he performed his contract he was entitled to the final certificate, and he could show, as he did, that it was wrongfully withheld without alleging it specifically. Moreover, it does not appear that any objection of this nature was urged at the trial, but, on the contrary, the evidence showing that obtaining the final certificate was excused by the arbitrary and inexcusable actions of the architect, came in without objection and as if it was all perfectly proper under the pleadings. The findings also support the judgment in this regard, because they show that the contractor did everything under the contract required to entitle him to the final certificate and payment of what was unpaid.

5. That the plaintiff was the assignee and owner of the claim sued on is plainly apparent from the evidence. The unaccepted order in favor of F. O. Wyman for this claim did not amount to an assignment of the same, nor did it in any way affect the subsequent assignment of the whole claim made to this plaintiff after the lien was filed. F. O. Wyman testified that there was no assignment to him, but a mere order, and as he is the chief party interested, and the only one that can be hurt by a holding that the order was not an assignment, we think his statement of the transaction and his view of what the parties intended ought to control.

6. The evidence showed that the extra work on the building was done with the knowledge and consent of defendant and his agent, and that they waived the written stipulation that a separate written estimate of extra work should be submitted, by orally agreeing to and countenancing the work without written estimates. Had it not been for defendant's consent thus given, the work would not have been thus done. He will not now be permitted to repudiate work done in the manner that he consented to, on any ground that it was not done in accordance with a previous written agreement.

7. There was no error in allowing the contractor to testify that he did not pay his subcontractor for the floor until the architect "passed on it, said it was all right and accepted it." This testimony was given in rebuttal, and tended to affect the weight of the architect's previous testimony, to the effect that the floor was defective, and was proper for this reason, if

for no other.  Some other objections are urged by appellant, but they are deemed not of sufficient importance to warrant special notice.

The judgment and order are affirmed.

Smith, J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 17, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 18, 1905.