[Civ. No. 4096. First Appellate District, Division Two.—October 16, 1922.]

ARTHUR E. NEEDHAM, Respondent, v. SISTERS OF MERCY (a Corporation), Appellant.

[1] CONTRACTS—PERFORMANCE BY CONTRACTOR—REFUSAL OF ARCHITECT TO ISSUE CERTIFICATE—PAYMENT—PLEADING.—An unreasonable, arbitrary, or capricious refusal of an architect to give the certificate required by a contract excuses the contractor from producing such a certificate as a condition precedent to the recovery of a payment due; and the allegation of due performance of all the conditions on the part of the contractor is a sufficient allegation to put this matter in issue and to permit the contractor to offer evidence showing the reason the certificate has not been produced.

[2] ID.—EXCUSE FOR NONPERFORMANCE — PLEADING — EVIDENCE — APPEAL.—In such case, while the better practice is to allege the excuse for the failure to present the architect's certificate required by the contract, the neglect of the contractor to do so is not a sufficient ground for reversal when the trial of the issue has been had and a good and sufficient excuse has been proved.

---

1. Necessity for an architect's certificate as a condition precedent to recovery on a building contract, note, 17 L. R. A. 211.

2. Necessity of pleading excuse for nonproduction of architect's or engineer's certificate made condition precedent to right to recover payment for work performed under contract, notes, 5 **Ann. Cas.** 721; 19 **Ann. Cas.** 905.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Garret W. McEnerney for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

NOURSE, J.—Plaintiff sued as assignee of Owen McHugh upon two counts, one to recover the amount remaining due for work completed under an express written contract and under a subsequent oral contract, and another upon a *quantum meruit* for the work done. The trial court found in accordance with the evidence that the work was performed in compliance with the terms of the contracts and that the sum of $6,088.50 agreed to be paid under the contracts had not been paid. Judgment in that sum and interest from November 11, 1908, was awarded to the plaintiff.

While not conceding the correctness of the finding of the trial court as to the amount due under the contracts (though as to this it must be said there is no room for doubt), the defendant set up four defenses to payment: (1) That a certificate was not obtained from the architect showing that the contractor was entitled to the money sued for and that such a certificate was required by the written contract; (2) that Owen McHugh, by express agreement made with the defendant through its architect and its president, agreed to accept the sum of $7,000 as a full and final payment in respect to the matters then pending between them, and that in compliance with said agreement the defendant paid Owen McHugh the sum of $7,000 as a full and final payment; (3) that an accord and satisfaction arose when Owen McHugh cashed two checks aggregating $7,000 knowing that the payment thereof was made to him "as per" the architect's certificate, which described such payment as a "full and final payment"; (4) that an account was stated between Owen McHugh and defendant when he cashed said checks and appropriated the proceeds in the manner above stated.

The trial court found against all these defenses. As to the first, it found that neither the plaintiff nor his assignor had obtained an architect's certificate for the amount in suit, but that their failure to do so was excused by the arbitrary refusal of the architect to issue such a certificate. This finding was within the issue framed by the pleadings and was supported by an abundance of evidence. As to the second defense, the trial court found that no express agreement had been made to accept the sum of $7,000 as a full and final payment, and though there is some conflict in the testimony of the witnesses called upon this issue, there is very substantial and persuasive testimony in support of the finding. It need scarcely be said that the trial court was required to pass upon the credibility of the witnesses who appeared before it and that this finding cannot be disturbed on appeal.

In respect to the third and fourth defenses, the trial court found that it was not true that Owen McHugh agreed to receive the sum of $7,000 as a full or final payment, or that he agreed to or did release defendant from all or any claims against it arising out of the contract, but that, on the contrary, he received the $7,000 on account only of a balance then due him for said work. It also found that there was no accord or compromise of any claims between the parties at the time of the payment of the $7,000 or that said payment was made upon any condition that it should be a full or final payment for all work done by McHugh for the defendant.

On this appeal several attacks are made upon the findings of the trial court, namely, the conditions and circumstances of the $7,000 payment, in relation to the defenses of accord and satisfaction, and of an account stated between the contractor and the defendant. But in each and every case ample evidence appears in the record to support the finding of the trial court. The same may be said as to the authority of Father Mulligan to act as agent for the defendant in the premises.

The only point of law involved in the appeal is the right of the plaintiff to recover the amount due under the written contract, notwithstanding the failure of the architect to issue a certificate showing that amount to be due. In this connection it is necessary to refer to some of the facts of the

case. The written contract was executed on November 21, 1907. Work was commenced soon thereafter, and on February 1, 1908, March 7, 1908, and April 17, 1908, the architect issued to McHugh three certificates showing, respectively, that there was due to him on account of the work done by him $2,500, $3,500, and $4,000. The defendant had paid McHugh in accordance with these certificates the total sum of $10,000 up to April 21, 1908. All work under the contract was finished by August 12, 1908. Though it was apparent, as afterward found by the trial court, that the sum of $13,088.50 was due McHugh at the time of the completion of the work, nothing was paid to him on account thereof from August 12, 1908, until November 12th of the same year. During all this period repeated requests had been made by McHugh and his representatives upon the architect that he issue the certificate, and upon defendant for payment of the amounts due. All these requests and demands upon the architect were rejected in an arbitrary and unreasonable manner. Unreasonable and unjustifiable demands were made by the architect upon McHugh, and the failure to comply therewith was used as an excuse for the nondelivery of the certificate. The defendant refused payment solely upon the ground that the architect had not issued his certificate. In *Wyman* v. *Hooker*, 2 Cal. App. 36, 40 [83 Pac. 79], the court in a similar case said: "It is not to be presumed that the parties intended that money rightfully belonging to the contractor should be forfeited upon the arbitrary will or caprice of the architect in withholding the final certificate. (*Antonelle* v. *Kennedy etc. Lumber Co.*, 140 Cal. 315 [73 Pac. 966].) Nor was it necessary that any excuse for not obtaining this final certificate should be set out in the complaint. It was sufficient in that behalf to allege the performance of the contract on the part of the contractor, and thereafter to prove such performance." [1] The rule is that an unreasonable, arbitrary or capricious refusal of the architect to give the certificate required by the contract excuses the contractor from producing such a certificate as a condition precedent to the recovery of the payment due, and the allegation of due performance of all conditions on the part of the contractor is a sufficient allegation to put this matter in issue and to permit the contractor to offer evidence showing the reason the certificate had not been produced. [2] The

better practice, of course, is to allege the excuse for the failure to present the certificate, as in other cases of nonperformance. But the neglect to do so is not a sufficient ground for reversal when the trial of the issue has been had and a good and sufficient excuse has been proved.

Other questions raised in the briefs do not require consideration.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1922.

All the Justices present concurred.