[Civ. No. 7531. First Appellate District, Division One.—April 23, 1931.]

JOSEPH EASTWOOD, Jr., Respondent, v. GOLDEN STATE PRODUCE COMPANY (a Corporation), Appellant.

Samuel T. Bush and Bertram H. Ross for Appellant.

M. Henry Robidoux for Respondent.

WARD, J., *pro tem.*—Plaintiff entered into an agreement with defendant whereby plaintiff agreed to sell to defendant and defendant agreed to purchase from plaintiff two thousand (2,000) boxes of sugar plums growing and to be grown during the 1929 season upon land in the county of Santa Clara, state of California, known as the Eberhart Tanning lands; defendant agreed to pay plaintiff the sum of $1 per box f. o. b. ranch; plaintiff agreed to full pack in Los Angeles lugs; to deliver the plums free from dirt, insect bites or other blemishes, and to be of a grade fit for all market purposes; plaintiff delivered to defendant 1878 boxes of sugar plums grown and produced on the Eberhart Tanning lands. Plaintiff received $800 on account of the

purchase price of 1878 boxes of sugar plums and brought this action for the alleged balance, $1078; defendant admits the facts stated above, except that defendant, prior to the commencement of this action, tendered $608.50, which sum the defendant claimed to be the reasonable market price for the plums; the defendant denies that the plums were free from dirt, insect bites and other blemishes, and of such a grade fit for A1 market prices, and alleges that the sugar plums were not of the quality and grade that plaintiff promised and agreed to deliver, in accordance with the contract, which was annexed to and made a part of the answer.

Appellant prosecutes this appeal on the following grounds: That plaintiff did not allege or prove full performance of his contract nor did he plead or prove excuse or prevention from full performance; that the terms of the original contract were modified by an executed oral agreement; that the court failed to make findings on material issues in the case, and that the judgment is not supported by the evidence.

It is true that the complaint recited the substance and purported legal effect of the agreement, but if it was necessary to determine the issues involved herein to consider the contract in its entirety, the court had that opportunity when the contract was introduced in evidence. It was made a part of defendant's answer. When any of the conditions are omitted in pleading the legal effect of a contract, the omission is cured if the opposing party sets forth the contract in full. (See *Antonelle* v. *Kennedy & Shaw Lumber Co.*, 140 Cal. 321 [73 Pac. 966].)

There was proof of full performance except as to a small item, which will be referred to later. In an action for money due upon a contract, a recovery may be had on the contract price. (See 6 Cal. Jur., sec. 251, p. 420.) If there has been a substantial performance in good faith, the failure to make full performance may be compensated by deduction from the agreed price.

A contract in writing may be altered by an executed oral contract (Civ. Code, sec. 1698), but in this case it was a question of fact whether or not respondent had acquiesced in appellant's offeer to sell for the best price appellant could obtain, and that an adjustment on the loss

sustained would be taken up thereafter. The trial court did not directly find on this point, but the findings as a whole negative the contention that an oral contract was entered into which in anywise altered the written contract. Respondent denies that he ever agreed to this oral contract. The evidence submitted by appellant under all the circumstances of the case is not convincing.

■ Appellate courts will not interfere if the trial court neglects to find upon an issue submitted by an appealing party, if such issue is not proved sufficiently to sustain a finding in favor of the party complaining (24 Cal. Jur., pp. 940, 941, sec. 186). The court's findings negative an inference that if further findings were made that they would have been in accordance with appellant's contention The evidence would not warrant the court in finding that plaintiff authorized defendant to sell the plums at the best obtainable market price, which is the main objection of appellant. If more complete findings had been made they would have been adverse to the contentions of appellant. Since that is so, the failure to find is not a ground for the reversal of the judgment (24 Cal. Jur., pp. 940, 941, sec. 186).

Respondent has not called our attention to any evidence and we do not find in the record anything to substantiate the court's order that respondent was entitled to fifty cents a box for a lot of twenty-two boxes of undersize plums. In the absence of such evidence it is necessary that the judgment be modified to that extent, by striking therefrom the sum of $11. It is so ordered, and as thus modified the judgment will stand affirmed, respondent to recover his costs on appeal.

Knight, J., and Tyler, P. J., concurred.